# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3092 | **DATE** | 4/14/2004 |
| **CASE TITLE** | Pablo Estrada vs. Eddie Jones | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pablo Estrada's petition for writ of habeas corpus is denied. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 15 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

APR 1 5 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Pablo Estrada )
)
) Petitioner, )
) No. 03 C 3092
-vs- )
) JUDGE GEORGE W. LINDBERG
Eddie Jones, )
)
Respondent. )

**MEMORANDUM AND ORDER**

This matter comes before the court on Pablo Estrada's petition for a writ of habeas corpus. For the following reasons, the court denies the petition.

Petitioner was charged in Illinois state court with two counts of first degree murder, attempted murder, and aggravated battery. During proceedings on October 25th, 1993, petitioner's lawyer requested that he be examined for fitness because of complaints made by the petitioner. Petitioner was taken to Cermak Hospital and examined overnight. There was no indication in the hospital's report of the examination that petitioner was unfit or unable to understand the court proceedings. The proceedings continued and on October 26, 1993, petitioner pled guilty to first-degree murder and aggravated battery, and was sentenced to concurrent terms of 40 years and five years in prison. On November 13, 1993, petitioner filed a motion to vacate the guilty plea, which was denied. Petitioner then appealed and the Illinois Appellate Court remanded because petitioner's lawyer had failed to file a certificate of compliance with Supreme Court Rule 604(d). Upon remand, petitioner filed an amended motion to vacate his guilty plea, alleging that his plea was involuntary because he was taking



psychotropic medication at the time of his plea. The state trial court again denied his motion to vacate his plea and another appeal ensued. Although the Illinois Appellate Court found that "evidence of [petitioner's] demeanor, deportment, and communications with his counsel supported the conclusion drawn by the trial court that [petitioner] was fit, the record was incomplete on the . . . medications and any impact they had on [him]." The Illinois Appellate Court ordered "a limited remand to determine whether a retrospective fitness finding was possible."

Upon remand, the state trial court conducted a hearing to determine whether a retrospective fitness hearing would be meaningful, and whether petitioner's mental capacity had been impaired on the date of his plea as a result of the medication he was taking. Dr. Philip Pan, a staff psychiatrist with Forensic Clinical Services of the Circuit Court of Cook County, examined petitioner's medical and psychiatric records, including the records from petitioner's October 25, 1993, examination at Cermak Hospital. Dr. Pan concluded that, although petitioner was taking psychotropic drugs at the time of his guilty plea, the drugs did not have any adverse effect on petitioner's ability to plead guilty. In Dr. Pan's opinion, petitioner was fit to enter a plea on October 26, 1993. The state trial court concluded that the retrospective fitness hearing was meaningful, that petitioner did not suffer any impairment as a result of the medication when he pled guilty, and that petitioner was fit at the time of the guilty plea. The Illinois Appellate Court affirmed the state trial court's finding and concluded that the retrospective fitness hearing was meaningful and that the trial court did not err in finding that defendant was fit when he pled

03 C 3092

guilty. The Illinois Appellate Court also found that the state trial court did not err in refusing to provide funds for petitioner to obtain an expert psychiatric witness.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "habeas relief shall not be granted unless the state court decision was 'contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Schaff v. Snyder*, 190 F.3d 513, 521 (7th Cir. 1999) (quoting 28 U.S.C. §§ 2254(d)(1) and (2)). The Seventh Circuit has explained that federal courts have a narrow scope for review of state court decisions in habeas proceedings. *Id.* at 521-23. In order to obtain a writ, a "petitioner first must show that the Supreme Court has 'clearly established' the propositions essential to [his] position." *Id.* at 522. "Only 'clearly established' rules could be applied on collateral attack; and a rule was not 'clearly established' unless it was compelled by existing precedent." *Id.* "A petitioner must have a Supreme Court case to support his claim, and that Supreme Court decision must have clearly established the relevant principle as of the time of his direct appeal." *Id.*

The petitioner must also show that "the state court's decision was either 'contrary to' clearly established Supreme Court case law or, alternatively, was an 'unreasonable application' of Supreme Court case law." *Id.* The Supreme Court clarified the 'contrary to' standard stating that it applies if the "state court arrive[d] at a conclusion opposite to that reached by this Court on a question of law" or if the state court decided a case differently than the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). A determination of

3

03 C 3092

whether a state court decision involved an "unreasonable application" of clearly established Supreme Court precedent requires a finding that the state court "identifie[d] the correct governing legal rule from the Court's cases but unreasonably applie[d] it to the facts of the particular state prisoner's case." *Id.* at 407. However, if a state court's decision was "reasonable, that is 'at least minimally consistent with the facts and circumstances of the case,' [federal courts] shall uphold the state court ruling, even if it is not well reasoned or fully reasoned, or even 'if it is one of several equally plausible outcomes.'" *Id.* (quoting *Hall v. Washington*, 106 F.3d 742, 748 (7th Cir. 1997)).

Petitioner claims that he did not receive a meaningful retrospective hearing to determine whether he was fit to plead in light of the fact that he was taking certain psychotropic medications at the time of his guilty plea on October 26, 1993. The standard for fitness to plead guilty is the same as the standard for competence to stand trial. *United States v. Collins*, 949 F.2d 921, 927 (7th Cir. 1991). A criminal defendant has a due process right not to be tried if he is unable to assist in his own defense. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). The question of a defendant's competency to stand trial centers on whether he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). Even a mentally ill defendant may be found competent if he meets this standard. *See Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) (stating "neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.").

4

03 C 3092

A defendant is entitled to a hearing on his competency if he raises a *bona fide* doubt as to his competency. *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1011 (7th Cir. 1984). To challenge the procedures used to determine his fitness, a defendant must present facts "sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to [his] mental capacity to meaningfully participate and cooperate with counsel during his trial." *Balfour v. Haws*, 892 F.2d 556, 562 (7th Cir. 1989).

Petitioner argues that his due process rights were violated because the retrospective fitness hearing, held more than six years after his plea, was not a reliable indication of his fitness to plead guilty on October 26, 1993. In support of this argument, petitioner relies on three United States Supreme Court cases cautioning against retrospective fitness hearings. *See Dusky*, 362 U.S. 402 (1960); *Drope v. Missouri*, 420 U.S. 162 (1975); *Pate v. Robinson*, 383 U.S. 375 (1966). However, those cases do not stand for the proposition that retrospective fitness hearings are forbidden. Rather they warn of the difficulties of such hearings. The "mere passage of time" does not make a post-trial fitness hearing meaningless. *United States ex rel. Bilyew v. Franzen*, 686 F.2d 1238 (7th Cir. 1982). The Seventh Circuit has sanctioned the use of retrospective fitness hearings and stated that such hearings are more tolerable when contemporaneous psychiatric records are available. *Galowski v. Berge*, 78 F.3d 1176, 1181 (7th Cir. 1996). In this case, there is contemporaneous evidence of petitioner's fitness. The petitioner was examined for fitness at Cermak Hospital on October 25, 1993. The hospital prepared a report detailing petitioner's examination and nothing in that report suggested that he was unfit to plead guilty. Furthermore,

5

03 C 3092

petitioner's trial counsel, who was in the best position of any lay person to evaluate his fitness, did not believe that he was unfit. *See Galowski* 78 F.3d at 1182.

This court agrees with the findings of the state trial court and the Illinois Appellate Court that petitioner's retrospective fitness hearing was meaningful. The petitioner has not shown that the Illinois Appellate Court's ruling was contrary to or unreasonable in light of United States Supreme Court precedent.

Petitioner's second claim is that the trial court erred in denying his motion for funds to obtain expert psychiatric assistance. "A petitioner must have a Supreme Court case to support his claim, and that Supreme Court decision must have clearly established the relevant principle as of the time of his direct appeal." *Schaff v. Snyder*, 190 F.3d at 521. Petitioner cites absolutely no authority, let alone a United States Supreme Court case, in support of the proposition that a court has an obligation to provide funds to employ an independent expert. Although petitioner did cite to *Ake v. Oklahoma*, 470 U.S. 68 (1985), in a state court brief, that case is not relevant. *Ake* applies to the appointment of psychiatric experts in the context of an insanity defense when the defendant's sanity at the time of the offense is an issue. Here, the issue is fitness at the time of the plea, and petitioner offers no U.S. Supreme Court authority that extends *Ake*'s scope from insanity at the time of the offense to fitness at the time of a plea.

Petitioner's third claim is that his due process rights were violated because the trial court judge was biased against petitioner. Petitioner claims that the judge indicated his bias by stating that petitioner was "attempting to manipulate the system" by withdrawing his guilty plea. This is not a statement of the court's bias; rather the statement is the judge's finding as to petitioner's

6

03 C 3092

motivation for moving to withdraw his guilty plea. In other words, the statement is not indicative of the judge's inability to be fair.

ORDERED: Pablo Estrada's petition for writ of habeas corpus is denied. Judgment denying the petition for writ of habeas corpus will be set forth on a separate document and entered in the civil docket pursuant to Federal Rules of Civil Procedure 58 and 78(a).

ENTER: *[signature: George W. Lindberg]*

GEORGE W. LINDBERG
Senior U.S. District Judge

APR 14 2004

DATED: _____